CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 25 2009

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JIMMIE L. REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:08-cv-00560 |
| ) | |
| ROANOKE REDEVELOPMENT AND ) | ORDER |
| HOUSING AUTHORITY, ) | |
| ) | By: Hon. James C. Turk |
| and ) | Senior United States District Judge |
| ) | |
| BILL SIZEMORE, ) | |
| ) | |
| Defendants. ) | |

This matter is presently before the court on Plaintiff Jimmie L. Reaves' Affidavit in Support (Docket No. 24), filed February 12, 2009. The court finds the purpose of this filing unclear. However, because the filing was made after the entry of the court's Memorandum Opinion and Final Order (Docket No.'s 22-23), the court will liberally interpret the Affidavit as a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e).

Relief under Rule 59(e) is available in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1988), cert. denied, 525 U.S. 1104 (1999)). None of these circumstances exist here. Rather, Reaves' filing appears to be an effort to raise completely new issues relating to the condition of his rental unit and the Roanoke Redevelopment Housing Authority's handling of his security deposit and clean-up charges. "A Rule 59(e) motion 'may not be used to raise new arguments or present novel legal theories that could have been raised prior to judgment.' Nor may it be used

to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment." Centennial Broadcasting, LLC v. Burns, 433 F. Supp. 2d 730, 733 (W.D. Va. 2006) (also quoting Pacific Ins. Co., 148 F.3d at 403). In any event, Reaves' filing does not raise any issue or argument that would call into question the court's ruling in its Memorandum Opinion and Final Order that his claims are barred by the doctrine of res judicata.

Accordingly, it is hereby

## ADJUDGED AND ORDERED

that Plaintiff's Motion to Alter or Amend a Judgment is **DENIED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and counsel of record for the Defendants.

ENTER: This 23th day of February, 2009.

Hon. James C. Turk
Senior United States District Judge